PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: Andrew T. Concepcion                Case Number: CR04-00052-001

Name of Sentencing Judicial Officer: The Honorable Robert Clive Jones, Designated Judge

Date of Original Sentence: April 5, 2005

Original Offense: Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1)

Original Sentence: 41 months imprisonment to be followed by five years supervised release with the following conditions: not unlawfully possess a controlled substance and submit to drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; submit to DNA collection; comply with the standard conditions of supervised release; refrain from all alcoholic beverages; participate in a program for substance abuse which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release       Date Supervision Commenced: April 25, 2008

---

**PETITIONING THE COURT**

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and to at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. § 3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Andrew Concepcion's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Concepcion's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the Court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Concepcion's mandatory condition to set the maximum number of tests that he must submit.

Based on the above, it is therefore recommended that the conditions be modified as follows:

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

This Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Concepcion's consent to the modification.

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: June 17, 2008

Respectfully submitted,

by: /s/ MARIA C. CRUZ
U.S. Probation Officer

Date: June 17, 2008

THE COURT ORDERS

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[x] The Modification of Conditions as Noted Above.

[ ] Other    Issuance of a:  [ ] Summons   [ ] Warrant

/s/ Frances M. Tydingco-Gatewood
**Chief Judge**
Dated: Jun 19, 2008